IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. PATKINS,                             No. 2:12-CV-1718-JAM-CMK-P

       Petitioner,

  vs.                                                     FINDINGS AND RECOMMENDATIONS

W. KNIPP,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Pending before the court is respondent's motion to dismiss (Doc. 12). Respondent argues that petitioner's claims are: (1) non-cognizable; (2) unexhausted; and (3) procedurally barred.

       While incarcerated at Mule Creek State Prison, petitioner was charged with a rules violation for disobeying orders. At a disciplinary hearing held on May 20, 2010, the charge was altered to disrespect with a potential for violence and petitioner was found guilty. Petitioner appealed the result, arguing that he had not been provided adequate time to prepare a defense to the amended charge. Prison staff agreed, citing California regulations requiring at least 24-hours' notice, and ordered a new disciplinary hearing on the amended charge of disrespect with a

potential for violence. A second disciplinary hearing was held on August 18, 2010 and, again, petitioner was found guilty of disrespect with a potential for violence.

Petitioner challenged the result of the second hearing by way of a habeas petition filed in state court, arguing that due process had been violated because: (1) the hearing officer impermissibly altered the original rules violation report; (2) prison officials lacked the authority to reissue and/or rehear the rules violation report; and (3) the hearing officer impermissibly found him guilty on the altered rules violation report. The Amador County Superior Court denied the petition, concluding that the original error had been corrected by re-issuance of the amended rules violation report, that petitioner had been provided the minimum due process protections required under Wolff v. McDonnell, 418 U.S. 539 (1974), and that the decision complied with applicable state regulations. Petitioner then filed a habeas petition in the California Court of Appeal, which was summarily denied. Petitioner filed a petition in the California Supreme Court, arguing that the appellate court erred in concluding that the regulations do in fact authorize re-issuance of a rules violation report. The California Supreme Court denied the petition with a citation to In re Dexter, 25 Cal.3d 921 (1979).

The court agrees with respondent that petitioner's claims are unexhausted. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts

the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

In this case, petitioner failed to present his claims to the California Supreme Court in a procedurally acceptable way, as indicated by the Court's citation to In re Dexter which requires that state prisoners fully exhaust state administrative remedies prior to seeking judicial relief.   See Dexter, 25 Cal.3d at 925.

Citing portions of the Amador County Superior Court's decision, petitioner argues that, notwithstanding the California Supreme Court's conclusion to the contrary, he did in fact properly exhaust state administrative remedies.  Because the California Supreme Court's decision does not appear untenable and made for the purpose of evading federal review, see Lopez v. Shiro, 491 F.3d 1029, 1043 (9th Cir. 2007), there is no basis for this court to review the California Supreme Court's application of its own procedural rules, see Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999).

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem, as is the situation in this case; the latter represents a procedural default problem.

Even if petitioner's claims were exhausted, they fail on the merits because, as respondent notes, petitioner challenges the interpretation and application of state law.  A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not available for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

While petitioner references alleged due process violations, the court finds nothing in the record to indicate that a complete miscarriage of justice occurred.  To the contrary, the record reveals that, when presented with petitioner's argument that he had not been provided adequate notice of the amended charge, prison officials agreed and provided petitioner the opportunity for a second hearing, this time on the amended charges with proper notice.  Further, the procedures followed were consistent with state regulations, as explained by the Amador County Superior Court in its decision denying habeas relief.

/ / /

/ / /

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 12 ) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2013

                                                                 _____
                                                                 **CRAIG M. KELLISON**
                                                                 UNITED STATES MAGISTRATE JUDGE