UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS, | No.  2:12-cv-1718-JAM-CMK-P |
| Petitioner, | |
| v. | **ORDER** |
| W. KNIPP, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for reconsideration (Docs. 19, 21).

Petitioner is requesting the court reconsider its final order and judgment granting respondent's motion to dismiss the petition and declining to issue a certificate of appealability.  Final judgment was entered on March 17, 2014.  Petition signed his motion on April 27, 2014, and the court received and filed it on May 1, 2014.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later

than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

Here, petitioner's motion for reconsideration was filed beyond the 28-days provided in Rule 59(e).  However, petitioner's motion fails to raise any grounds for this court to reconsider its final determination under either Rule 59(e) or Rule 60(b).  Other than simply disagreeing with the court's decision, petitioner provides no specific grounds for this court to find there was clear error, new evidence, an intervening change in controlling law, misconduct, or a mistake.  Petitioner raises no new grounds in his motion.  Rather, he points the court to the objections he filed in response to the Magistrate Judge's findings and recommendations.  The court previously reviewed his objections, conducted a de novo review of the case, and found the findings and recommendations to be supported by the record and proper analysis.  His current

motion provides no new grounds for the court to reconsider that determination.

        Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration (Docs. 19, 21) is denied.

DATED: February 26, 2015

                                        /s/ John A. Mendez  
                                        UNITED STATES DISTRICT COURT JUDGE